UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                          :
KANETZ TANISHA RIAZ,                         :
                                          :
                 Plaintiff,                  :
                                          :           20 Civ. 8418 (JPC) (SLC)
            -v-                          :
                                          :           <u>OPINION AND ORDER</u>
COMMISSIONER OF SOCIAL SECURITY,      :
                                          :
                 Defendant.                :
                                          :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Kanetz Tanisha Riaz brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final determination of the Commissioner of Social Security denying her application for Disability Insurance Benefits. Dkt. 1. The parties have cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkts. 22-26. On August 5, 2022, the Honorable Sarah L. Cave, to whom this case was referred, issued a Report and Recommendation, recommending that the Court deny Plaintiff's motion and grant Defendant's motion. Dkt. 27 ("R&R") at 38. On August 11, 2022, Plaintiff submitted timely objections to the Report and Recommendation, arguing that Judge Cave and the Administrative Law Judge ("ALJ") erred in their evaluations of medical opinions in the record. Dkt. 28 ("Objections"). For the reasons discussed below, the Court adopts the Report and Recommendation. As such, Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion for judgment on the pleadings is granted.

### I. Background and Procedural History

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case, which are detailed in the Report and Recommendation. *See* R&R at 2-18. To briefly summarize, on April 24, 2018, Plaintiff applied for Disability Insurance Benefits alleging a disability beginning on January 1, 2018. Dkt. 19 ("Administrative Record") at 15, 66. Plaintiff contended that she suffered from post-traumatic stress disorder, chronic anxiety, depression, hypertension, and diabetes. *Id.* at 66-67. A hearing was then held before an ALJ on October 7, 2019, at which Plaintiff testified, as did a vocational expert. *Id*. at 32-65.

On November 14, 2019, the ALJ issued a written decision denying Plaintiff's application for benefits. *Id.* at 15-25. The ALJ walked through the requisite five-step inquiry outlined by the Supreme Court. *See infra* II.B. Although Plaintiff had not engaged in substantial gainful activity since January 1, 2018 (step one); and had three severe impairments—(1) diabetes mellitus, (2) affective disorder, and (3) anxiety disorder—that significantly limited her ability to perform basic work activities (step two); none of those impairments, or a combination of them, met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix, so as to create a presumption of disability (step three). Administrative Record at 17-18. The ALJ further determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with certain limitations, and that she could perform her past relevant work as a factory worker or work as a mold stripper or hand packager (step four). *Id.* at 20, 23-25. The ALJ thus concluded that Plaintiff was not under a disability for purposes of the Social Security Act between January 1, 2018 and the date of his decision (step five). *Id.* at 25. On August 11, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 1-6.

In her motion for judgment on the pleadings, Plaintiff argued that the ALJ "failed to properly evaluate the opinions of treating physician[,] Ramon Ravelo, M.D.[,] and consulting

examiner, Gabriella Regal[a]do, Ph.D. under the Commissioner's guidelines" such that "[t]he ALJ's RFC determination [was] not supported by substantial evidence." Dkt. 23 at 1. Plaintiff also objected to the ALJ's evaluation of and reliance on the opinion of the state agency psychological consultant, Dr. O. Fassler. *Id.* at 19. As relevant here, Judge Cave found in her Report and Recommendation that (1) the ALJ's analysis of the supportability and consistency of Dr. Ravelo's opinion was sufficient under the new regulations, which departed from a prior hierarchy of medical sources that favored treating physicians, R&R at 22-23, 31-33; (2) although the opinion of Dr. Fassler "does not constitute substantial evidence in support of the ALJ's RFC determination," the ALJ's reliance on that opinion was harmless error given the ALJ's evaluation of the opinions of the treating and consulting physicians and of the other medical evidence in making his RFC determination, *id.* at 33-34; and (3) the ALJ's analysis of the supportability and consistency of Dr. Regalado's opinion was sufficient under the current regulatory framework, *id.* at 36-38.

## II. Legal Standards

### A. Standard of Review of a Magistrate Judge's Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of the magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a proper objection to any part of the magistrate judge's disposition, the district court conducts *de novo* review of the contested section. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

To be proper, an objection must be "clearly aimed at particular findings," *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015)

(quoting *Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1 (S.D.N.Y. Dec. 10, 2014)), and may not be "conclusory or general," *id.* (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)).  Parties may neither "regurgitate the original briefs to the magistrate judge" nor raise new arguments not raised to the magistrate judge in the first instance.  *Id.*; *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

A district court also reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).  "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Cameron v. Cunningham*, No. 13 Civ. 5872 (KPF) (FM), 2014 WL 4449794, at *2 (S.D.N.Y. Sept. 9, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Standard of Review of the Commissioner's Decision

Under the relevant regulations, the Social Security Administration ("SSA") engages in a five-step sequential process to evaluate whether an individual is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also id.* § 404.1520.  The Supreme Court has summarized this process as follows:

> At the first step, the agency will find nondisability unless the claimant shows that he is not working at a substantial gainful activity.  At step two, the SSA will find nondisability unless the claimant shows that he has a severe impairment, defined as any impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities.  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.  If the claimant survives the fourth stage, the fifth, and final, step

4

>requires the SSA to consider so-called vocational factors (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (cleaned up).

It is well-settled that a district court will reverse the decision of the Commissioner of the SSA only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See Greek v. Colvin*, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is more than a mere scintilla." *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). "In determining whether the [Commissioner]'s findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (internal quotation marks). "Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). In other words, the district court must "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and reject the Commissioner's findings of fact "only if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks); *Selian*, 708 F.3d at 417 ("If there is substantial evidence to support the [Commissioner's] determination, it must be upheld.").

### III.  Discussion

In her Objections to the Report and Recommendation, Plaintiff argues that Judge Cave erred in her analysis of how the ALJ weighed the various medical opinions in making his RFC determination.  Plaintiff's Objections largely consist of four pages rehashing the same arguments she made in her motion for judgment on the pleadings before Judge Cave.  The Court would therefore be justified to review the Report and Recommendation in its entirety solely for clear error.  *See Vlad-Berindan*, 2014 WL 6982929, at *2 (reviewing for clear error when "Plaintiff's Objections" amount to "largely conclusory assertions that reiterate factual allegations and arguments already presented to" the magistrate judge).  For the sake of completeness, however, the Court will address the merits of Plaintiff's Objections and conduct *de novo* review of the Report and Recommendation.

### A.  The ALJ's Evaluation of Medical Opinions

As of January 18, 2017, the SSA's revised regulations provide that ALJs no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources."  20 C.F.R. § 404.1520c(a).  Instead, ALJs need only "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record," *id.* § 404.1520c(b), taking into consideration the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding, *id.* § 404.1520c(c).  The "most important factors" to be considered when evaluating the persuasiveness of medical opinions and prior administrative medical findings are "supportability" and "consistency."  *Id.* § 404.1520c(a).

Supportability "looks at how well a medical source supported and explained his/her opinions about the patient." *Herrera v. Comm'r of Soc. Sec.*, No. 20 Civ. 7910 (KHP), 2021 WL 4909955, at *6 (S.D.N.Y. Oct. 21, 2021). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); *see also Vellone ex rel. Vellone v. Saul*, No. 20 Civ. 261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) ("[T]he strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase."). Consistency evaluates medical opinions in a holistic context, considering "how well a medical source is supported, or not supported, by the entire record." *Vellone*, 2021 WL 319354, at *6. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); *see also Boswell v. Comm'r of Soc. Sec.*, No. 21 Civ. 2364 (JPC) (GRJ), 2022 WL 3714669, at *4 & n.1 (S.D.N.Y. Aug. 29, 2022).

An ALJ must explain how she "considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in her decision. 20 C.F.R. § 404.1520c(b)(2). Failure to do so obligates remand. *Rivera v. Comm'r of the Soc. Sec. Admin*, No. 19 Civ. 4630 (LJL) (BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020).

**B. Analysis**

Plaintiff objects the Report and Recommendation's proposed findings concerning the ALJ's evaluation of the opinions of Drs. Ravelo, Fassler, and Regalado. The Court addresses each in turn.

1. **Dr. Ravelo**

Plaintiff first challenges the ALJ's determination that the opinions of her treating physician, Dr. Ravelo, were not persuasive. She argues that the ALJ's analysis of Dr. Ravelo's opinion was "shoddy" and "[did] not satisfy the explanation requirements contemplated by the regulations," and that Judge Cave erred by accepting that analysis. Objections at 1-2.

To briefly summarize, Dr. Ravelo began treating Plaintiff in October 2017, examining her five times in the subsequent years. Dr. Ravelo's treatment notes consistently document that Plaintiff's cognitive function and memory were intact, her thinking was logical, and her behavior was cooperative and attentive. Administrative Record at 438-42. Yet Dr. Ravelo concluded, *inter alia*, that Plaintiff had *marked* limitations in her ability to understand detailed instructions and complete a normal workday, as well as *extreme* limitations in her ability to maintain concentration for extended periods, sustain an ordinary routine without special supervision, or travel to unfamiliar places or use public transportation. *Id.* at 978-80. As such, Dr. Ravelo determined that Plaintiff was "unable to work." *Id.* at 345.

The ALJ found these opinions unpersuasive. He reasoned that Dr. Ravelo's findings of "'extreme' and 'marked' mental limitations" were inconsistent with the doctor's own treatment notes (as well as the record as a whole) which "revealed largely unremarkable findings except for anxious mood and fair insight and judgment" and "no greater than mild limitations in memory and concentration." *Id.* at 23. The ALJ further explained that Dr. Ravelo's conclusions were not even consistent with Plaintiff's self-reported daily activities of "being able to shop in stores, attend appointments, transport her children to and from school, and manage vairious [*sic*] household tasks." *Id.*

The ALJ's evaluation of Dr. Ravelo's opinion fully complied with the relevant regulations, and his findings were supported by substantial evidence. Regarding supportability, the ALJ noted

8

key discrepancies between Dr. Ravelo's own treatment notes, in which Dr. Ravelo made unremarkable findings of fair insight and judgment, with his opinions asserting marked and extreme limitations.  Regarding consistency, the ALJ identified other pieces of record evidence that came in conflict with Dr. Ravelo's opinions, particularly Plaintiff's acknowledged daily activities which included shopping, transporting her children to and from school, and attending appointments, as well as the examination notes by Dr. Ravelo and Dr. Fassler.  *See also, e.g.*, *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 232 (E.D.N.Y. 2021) (reasoning that the plaintiff's reported daily activities bolstered the ALJ's conclusion that her impairment caused mild or no limitation on her daily living activities).

      None of Plaintiff's arguments to the contrary holds water.  Plaintiff first suggests that the ALJ did not in fact cite any evidence at all, and that Judge Cave instead relied on "post hoc rationalizations" for the ALJ's decision by "cit[ing] to evidence she *believes* provides an explanation that *could conceivably* support the ALJ's rejection of [Dr. Ravelo's] opinion."  Objections at 1-2 (emphasis added).  To the contrary, the ALJ explicitly cited evidence of Plaintiff's daily routine, Dr. Ravelo's own examination notes, and other materials in the record as being inconsistent with Dr. Ravelo's opinion of marked and extreme mental limitations.  Administrative Record at 23.  In her thorough and well-reasoned Report and Recommendation, Judge Cave cited the very same pieces of evidence.  *See* R&R at 31-32.  Judge Cave plainly did not engage in "post hoc rationalizations."  Objections at 2.

      Plaintiff also contends that the ALJ failed to reconcile Dr. Ravelo's opinion with other "seemingly probative evidence contained in the record" that was consistent with Dr. Ravelo's findings of marked and extreme limitations.  *Id.*  This argument is too conclusory to satisfy Plaintiff's burden at this stage, as she fails to point to any evidence not considered by either the ALJ or Judge Cave that would rehabilitate Dr. Ravelo's opinion.  And even if Plaintiff could

identify any such evidence, the ALJ was not required to discuss every shred of evidence so long as the Court is able to glean the ALJ's rationale, which the Court can easily do here. *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam).

Finally, Plaintiff contends that "[t]he ALJ did not explain how Plaintiff's activities . . . provided a sufficient basis to reject Dr. Ravelo's opined limitations." Objections at 2. Plaintiff's reported daily activities—shopping, bringing her children to and from school, and attending appointments—are similar to those commonly evaluated as non-medical evidence by ALJs. *See* 20 C.F.R. § 404.1520c(c)(2) (explaining that among the factors the SSA considers when evaluating a medical opinion is how "consistent a medical opinion(s) . . . is with the evidence from other medical sources and *nonmedical sources* in the claim" (emphasis added)); *see also, e.g.*, *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (concluding that the plaintiff's ability to care for his child, vacuum, wash dishes, and drive a car undermined his claims of disability); *Schillo v. Kijakazi*, 31 F.4th 64, 77 n.4 (2d Cir. 2022) (concluding that the plaintiff's ability to do chores around her house, bathe, dress, and use her cellphone were inconsistent with medical opinion). Plaintiff's daily routine, which involved public engagement, quite rationally and obviously stands at odds with Dr. Ravelo's medical opinion of marked or extreme limitations on Plaintiff's ability to, *inter alia*, keep to a schedule, be punctual within customary tolerances, and sustain an ordinary routine without supervision. Administrative Record at 978-80. Accordingly, given the evident disconnect between Plaintiff's admitted regular activities and Dr. Ravelo's findings of marked and severe limitation, further explanation by the ALJ was not necessary. Plaintiff's Objections concerning the Report and Recommendation's proposed findings relating to the ALJ's review of Dr. Ravelo's opinions are therefore overruled.

### 2. Dr. Fassler

Plaintiff next objects to the ALJ's consideration of Dr. Fassler's opinion. Objections at 3. Dr. Fassler provided a consultative assessment of Plaintiff's mental capacity in July 2018. Administrative Record at 75. He identified moderate limitations on Plaintiff's ability to, *inter alia*, carry out detailed instructions, maintain concentration for extended periods, perform scheduled activities, work with others without distraction, complete a normal workday without disruption, and perform at a consistent pace. *Id.* at 75, 78. Dr. Fassler did not personally examine Plaintiff but rather relied on the Findings of Fact and Analysis of Evidence prepared by a disability analyst. *Id.* at 75; *accord* Dkt. 25 at 22. The ALJ found Dr. Fassler's opinion as to Plaintiff's moderate limitations to be persuasive. Administrative Record at 22. While noting that Dr. Fassler did not personally examine the Plaintiff, the ALJ reasoned that his opinion was supported by and consistent with evidence in the record, and was bolstered by his knowledge of the SSA's rules. *Id.*

In her Report and Recommendation, Judge Cave opined that Dr. Fassler's opinion "does not constitute substantial evidence in support of the ALJ's RFC determination" because "[w]hile the ALJ indicated that Dr. Fassler supported his decision with citations to the medical evidence, the Commissioner has conceded that Dr. Fassler relied on a summary of the medical Record that he did not personally prepare." R&R at 33-34. Judge Cave nonetheless recommended that any improper reliance on that opinion be treated as harmless error because "there is no reasonable likelihood that the ALJ's consideration of Dr. Fassler's opinion would have changed the administrative outcome." *Id.* (quoting *Young v. Kijakazi*, No. 20 Civ. 3604 (SDA), 2021 WL 4148733, at *11 (S.D.N.Y. Sept. 13, 2021) (internal alterations omitted)).

Courts have applied conflicting rules when evaluating the opinions of non-examining medical professionals. *Compare, e.g.*, *Filocomo v. Chater*, 944 F. Supp. 165, 169 n.4 (E.D.N.Y. 1996) ("[T]he conclusions of a physician who merely reviews a medical file and performs no

11

examination are entitled to little if any weight."), *with, e.g.*, *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 427 (S.D.N.Y. 2010) ("[T]he opinions . . . of non-examining sources may . . . be given significant weight, so long as they are supported by sufficient medical evidence in the record."). Here, Dr. Fassler did not examine the Plaintiff or consult the examination notes of other medical professionals in the record but instead relied on a summary of the record prepared by a disability analyst. In disagreeing with Judge Cave's conclusion that Dr. Fassler's prior administrative medical findings did not constitute substantial evidence to support the ALJ's RFC finding, Defendant points out that "there is no rule in the regulations that a medical consultant cannot cite to a summary of the record prepared by an analyst in support of his opinion." Dkt. 29 at 9 n.2.

This Court need not resolve whether it was proper for the ALJ to rely on Dr. Fassler's opinion, however, because as Judge Cave determined, even if the ALJ erred in considering it, such error would be harmless. R&R at 34 (citing *Young*, 2021 WL 4148733, at *11).[1] In making his RFC determination, the ALJ considered a multitude of other record evidence, in addition to Dr. Fassler's opinion, including Dr. Ravelo's treatment notes, Dr. Regalado's examination notes and ultimate opinion, and Plaintiff's daily activities, all of which supported the ALJ's RFC determination of moderate mental limitations. Administrative Record at 21-23. Thus, even

---

[1] Plaintiff argues that *Young* is inapposite because "the opinion at issue [there] was 'less favorable' to Plaintiff's claim than other opinions properly evaluated by the ALJ." Objections at 3. While the facts of *Young* are not identical to those here, *Young* remains persuasive. In *Young*, the ALJ neglected to evaluate the opinion of one medical examiner, but the error was harmless because the opinion did not support the plaintiff's claim of disability. 2021 WL 4148733, at *11. Here, assuming *arguendo* that the ALJ erred in considering Dr. Fassler's opinion, such error would also be harmless because the ALJ's ultimate decision was supported by myriad other evidence. Thus, as in *Young*, there is no reasonable likelihood that the ALJ's error was outcome-determinative, rendering any error harmless. Judge Cave appropriately cited *Young* for that very proposition.

without Dr. Fassler's opinion, the ALJ's determination was still supported by substantial evidence. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (error was harmless when other "substantial evidence in the record" supported the ALJ's decision); *see also Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 117 (2d Cir. 2007) ("[R]emand . . . is futile . . . when overwhelming evidence in the record makes it clear that the same decision is inevitable . . . ." (internal quotation marks omitted)). Moreover, Dr. Fassler's opinion was consistent with the other evidence in the record that the ALJ considered in his decision. *See* Administrative Record at 22. As such, "even if the ALJ relied too much on Dr. [Fassler's] consultative opinion . . . the error was harmless because the opinion was consistent with other substantial evidence the ALJ could properly rely upon." *Humphrey v. Comm'r of Soc. Sec.*, No. 17 Civ. 1329-A, 2019 WL 2590607, at *6 (W.D.N.Y. June 25, 2019).

Accordingly, Plaintiff's Objections that relate to Judge Cave's findings concerning the ALJ's treatment of Dr. Fassler's opinion are overruled.

### 3. Dr. Regalado

Plaintiff lastly challenges the ALJ's consideration of Dr. Regalado's opinion. She argues that "[t]he ALJ's conclusory rejection of Dr. Regalado's opinion does not satisfy the explanation requirements contemplated by the regulations." Objections at 3. Plaintiff further contends that Judge Cave erred in her Report and Recommendation by concluding that ALJ "adequately explained his approach as to the supportability and consistency factors" for that opinion. *Id.* (quoting R&R at 36).

Dr. Regalado conducted an independent psychiatric evaluation of Plaintiff in May 2018. Administrative Record at 346. Dr. Regalado noted anxiety and nervousness, but also average cognitive functioning and fair insight and judgment. *Id.* at 348. She opined that Plaintiff had mild limitations on her ability to understand complex directions and to have awareness and appropriate

responses to normal hazards; moderate limitations on her ability to use reason and judgment for work decisions and to interact with others; and marked limitations on her ability to sustain an ordinary routine. *Id.* at 349.

The ALJ found Dr. Regalado's opinion as to Plaintiff's "moderate interactive limitations" persuasive because it was supported by Dr. Regalado's own treatment notes, which documented "anxious mood and affect," and additionally was consistent with "[t]he record as a whole." *Id.* at 23. At the same time, however, the ALJ determined that Dr. Regalado's opinion as to Plaintiff's mild and marked limitations were not supported by the record "because examinations reveal some limitation in memory and concentration, and no significant behavioral abnormalities or inability to care for daily needs." *Id.*

As with Dr. Ravelo's opinion, the ALJ's analysis of Dr. Regalado's opinion fully complied with the applicable regulations. In terms of supportability, the ALJ pointed to Dr. Regalado's examination that revealed anxious mood and affect, which supported her finding of moderate interactive limitations. Administrative Record at 23. In terms of consistency, the ALJ noted this finding of moderate limitations was consistent with the "record as a whole." *Id.* The ALJ, however, concluded that "the record does not support the mild and marked limitations given by [Dr. Regalado], because examinations reveal some limitation in memory and concentration, and no significant behavioral abnormalities or inability to care for daily needs." *Id.* The ALJ therefore properly weighed supportability and consistency in reaching his conclusion. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (explaining that an ALJ may resolve conflicting evidence by crediting only a portion of medical testimony); *Herrera*, 2021 WL 4909955, at *9-10 (affirming an ALJ's decision which "grappled with inconsistent records" finding one opinion "to be only somewhat persuasive").

Plaintiff further claims that the ALJ failed to "explain why Dr. Regalado's own treatment notes were not supportive of the limitations he identified." Objections at 3-4. This is inaccurate. As previously mentioned, the ALJ explicitly referenced Dr. Regalado's documentation of Plaintiff's anxious mood and affect as being consistent with moderate limitations but inconsistent with marked limitations. Administrative Record at 23. To the extent Plaintiff also contends that the ALJ failed to specify which pieces of record evidence he considered in reaching his conclusion, this argument fails as well. First, the ALJ noted that his conclusion as to Dr. Regalado was consistent with the "record as a whole," *id.*, which itself is a sufficient explanation under the revised regulations, *see, e.g.*, *Boswell*, 2022 WL 3714669, at *10 (concluding that the ALJ's explanation that "'*the overall record* supports a limitation to modified light exertion' . . . fully complied with the relevant regulations" (emphasis added) (citation omitted)). Second, as previously noted, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" *Cichocki*, 729 F.3d at 178 n.3 (citation omitted). That is the case here. In his overall RFC analysis, the ALJ explained how the medical examination notes in the record, which repeatedly documented elevated anxiety and affect, taken together with Plaintiff's admission as to her daily activities, were consistent with a finding of moderate mental limitations, but nothing more. The Court can reasonably infer that the ALJ was referring to the same record evidence in his discussion of Dr. Regalado's opinion. Accordingly, the Court overrules Plaintiff's Objections challenging Judge Cave's acceptance of the ALJ's analysis of Dr. Regalado's opinion.

\* \* \*

Finally, the Court has reviewed for clear error the remainder of the Report and Recommendation to which Plaintiff did not object, and finds it to be well-reasoned and its conclusions well-founded.

15

### IV.  Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation, although the Court does not reach the question of whether Dr. Fassler's prior medical finding constituted substantial evidence.  Plaintiff's motion for judgment on the pleadings is denied.  Defendant's motion for judgment on the pleadings is granted.  The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 22 and 24 and close this case.

SO ORDERED.

Dated: September 26, 2022
      New York, New York

                                        JOHN P. CRONAN
                                  United States District Judge